BROOKE OLIVER, ESQ. (# 172828)
LINDA JOY KATTWINKEL, ESQ. (# 164283)
OLIVER, KATTWINKEL & SABEC P.C.
50 Balmy Alley
San Francisco, CA 94110
Phone: 415-641-1116
Fax: 415-695-1116
brooke@okslaw.com
ljk@okslaw.com

Attorneys for Plaintiff
CORBIS CORPORATION

TODD A. ROBERTS (SBN 129722)
JENNIFER A. WILLIAMS (SBN 244707)
ROPERS, MAJESKI, KOHN & BENTLEY
1001 Marshall Street, Suite 300
Redwood City, CA 94063
Telephone: (650) 364-8200
Facsimile: (650) 780-1701
Email: troberts@rmkb.com
       jwilliams@rmkb.com

Attorneys for Defendants
ORIGINAL MARKETING GROUP, INC.,
NATIONAL TELEPHONE MESSAGE CORP., INC.,
and OMG NATIONAL, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORBIS CORPORATION, a Nevada corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ORIGINAL MARKETING GROUP, INC., a Florida corporation; NATIONAL TELEPHONE MESSAGE CORP., INC., a Florida corporation; OMG NATIONAL, INC., a Florida corporation, and DOES 1 THOUGH 10, inclusive,<br><br>Defendants. | No. CV08-2033 RMW-HRL<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>September 12, 2008<br>10:30 a.m.<br>San Jose<br>Courtroom 6, 4th Floor |

1. <u>Jurisdiction and Service</u>:

This is an action for copyright infringement brought pursuant to the U.S. Copyright Act, 17 U.S.C. § 101 et seq. and for violation of the Digital Millennium Copyright Act, 17 U.S.C. § 1202 et seq ("DMCA"). The Court has jurisdiction over Plaintiff Corbis Corporation's ("Corbis") claims pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1338(a) (exclusive jurisdiction re copyright claims).

The Complaint was filed on April 18, 2008. Service was made on Defendants OMG National, Inc. ("OMG National") and National Telephone Message Corp., Inc. ("NTMC") on May 23, 2008; and on Defendant Original Marketing Group, Inc. ("OMG") on May 29, 2008. The First Amended Complaint was filed and served on June 4, 2008. All Defendants have timely filed their Answers.

2. <u>Facts</u>:

Plaintiff Corbis is in the business of licensing photographs and fine art images. Corbis' customers include businesses who license use of the images for print and online promotional materials. The images in Corbis' collections are the subject of copyright protection under the laws of the United States and are displayed on Corbis' website, www.corbis.com (the "Corbis website") with corresponding copyright management information ("CMI") indicating Corbis' control of rights in the images. The Corbis website includes extensive information and instructions for obtaining licenses to use the Corbis images.

On or about August 13, 2007, NTMC acquired the assets of defendant Original Marketing Group, Inc. Original Marketing Group allegedly is no longer an active corporation and filed for administrative dissolution in September 2007. At the time of the asset purchase, NTMC allegedly was unaware that the use of any images by Original Marketing Group may have been unauthorized. NTMC is a full service marketing firm. NTMC's primary business is creating customized "on-hold" telephone messages. NTMC also specializes in web development and web hosting. Since acquiring the assets of Original Marketing Group, NTMC has conducted business as "OMG National."

In or about 2007, Corbis alleges it discovered that several Corbis images were displayed on Defendant OMG's websites without authorization. In or around July 2007, and several times thereafter, Corbis alleges it provided written notice advising OMG and subsequently, the other Defendants, of their

unauthorized use of Corbis images. According to Corbis, the notices demanded that the images be removed as well as monetary compensation for their unauthorized use. Some of the unauthorized Corbis images were removed, but Corbis alleges that others remained on Defendants' websites. Corbis alleges it sent take-down notices to Defendants' internet service providers under the DMCA, and that some unauthorized uses were ceased. Corbis allegedly notified OMG about the involvement of the internet service providers and demanded discussion of a financial settlement, without response. Corbis alleges that it continued to find additional images on Defendants' websites. At the time the First Amended Complaint was filed, Corbis alleges it had identified and alleged at least 40 Corbis images that have been displayed in over 270 instances on Defendants' various websites. To date, Corbis alleges it has identified at least 90 Corbis images which have been displayed in at least 547 instances on Defendants' websites. Defendants did not obtain licenses or authorization from Corbis for such use of any of the images. Corbis also alleges that certain CMI was removed from the Corbis images displayed on Defendants' websites.

Corbis alleges that the unauthorized use of Corbis images on Defendants' websites constitutes copyright infringement, and their removal of CMI from the Corbis images constitutes violation of the DCMA.

Defendants contend that any infringement or unlicensed use of copyrighted images was unintentional and attributable to third-party contractors. Defendants further contend that the initial communications from Corbis regarding any alleged unauthorized use of its images were not received. Following the time NTMC subsequently learned of Corbis' allegations of infringement, defendants allege that they immediately began taking all possible efforts to remove any and all offending images from its websites. In addition, defendants assert that to the best of their ability, they have surveyed every website they created, caused to be created, or which are currently being displayed on the Internet, and discontinued any and all currently undiscovered infringements. Defendants, however, allegedly are unable to remove images on certain websites which are no longer hosted, and therefore no longer under the control of, NTMC.

Corbis alleges that after NTMC began doing business as OMG National, many websites and web pages that displayed allegedly infringing images were re-branded with the OMG National name. Corbis

further alleges that many of its copyrighted images remained on display and in use by OMG National even after repeated notices of infringement were allegedly sent directly to OMG National and NTMC. Such notices required that both specific Corbis images, such as those displayed on www.aamcoonhold.com, be removed, and generally that all infringements cease. After those additional cease and desist notices were allegedly sent, Corbis contends the infringing image at www.aamcoonhold.com remained in use for at least two more weeks, and Corbis allegedly found dozens more infringing images on OMG National websites.

3.  Legal Issues:

Enhanced statutory damages are awardable under the Copyright Act and DMCA, for both copyright infringement and violation of the DMCA, when a defendant has acted intentionally or with reckless disregard for the plaintiff's rights. 17 U.S.C. §§ 504(c)(2), 1203(c)(3)(B); *Columbia Pictures Ind., Inc. v. Feltner*, 259 F.3d 1186, 1194-95 (9th Cir. 2001), *cert. denied*, 534 U.S. 1127 (2002); *Propet USA, Inc. v. Shugart*, 2007 U.S. Dist. LEXIS 95635, *6-13 (W.D.Wash. 2007). Accordingly, Corbis contends the primary disputed legal issue is the level of culpability of the various Defendants.

Defendants contend the following legal issues are also in dispute:

   a. Whether NTMC may be held legally liable for unknowingly purchasing assets that may have contained images belonging to Corbis.

   b. Whether some or all of the photographs in question do not constitute original works of art that enjoy protection under the copyright laws

   c. Whether some or all of the photographs in question are not registered or properly registered under the Copyright Act.

   d. Whether some or all of the photographs claimed to have been misappropriated are part of the public domain.

4.  Motions:

There are no prior or pending motions.

5.  Amendment of the Pleadings:

Plaintiff anticipates filing a motion to file a Second Amended Complaint to address the additional Corbis images that have been found on Defendants' websites since the First Amended

Complaint was filed. Defendants have agreed to stipulate to such an amendment after the parties have participated in private mediation, in the event mediation does not result in resolution of the case.

6. <u>Evidence Preservation</u>:

Each party has reviewed the Federal Rules and has taken reasonable steps to preserve evidence in compliance therewith.

7. <u>Disclosures</u>:

The parties have met and conferred, and will timely comply with the initial disclosure requirements of Rule 26. The parties are working on a stipulated protective order.

Pursuant to Rule 26, Corbis will disclose the relevant witnesses known to Corbis, and will identify the copyright registrations for the 90 images thus-far identified as allegedly infringed by Defendants, and materials available on the Corbis website regarding licensing procedures and policies. Corbis will disclose cease and desist correspondence between Defendants and their counsel, including responses from OMG to that correspondence, and delivery confirmations. Subject to the forthcoming protective order, Corbis will also disclose documentation regarding Corbis' licensing fees, and visits to Corbis' site by various employees and agents of Defendants.

Defendants will disclose the relevant witnesses known to them at this time. In addition, defendants will produce the Asset Purchase Agreement between Original Marketing Group and National Telephone Message Corp., and other related documents and correspondence.

8. <u>Discovery</u>:

There has been no formal discovery to date. The parties do not anticipate a need to limit or modify discovery rules. The parties propose to stay formal discovery until after the mediation. In the event mediation does not result in resolution of the case, the parties propose a discovery schedule as set forth in paragraph 17 below.

9. <u>Class Actions</u>:

Not applicable.

10. <u>Related Cases</u>:

The parties are unaware of any related cases.

11. <u>Relief</u>:

Corbis seeks injunctive relief and monetary damages. For copyright infringement, Corbis may elect to recover Defendants' profits attributable to the infringements and Corbis' lost profits, or statutory damages. 17 U.S.C. § 504. Corbis has made a preliminary calculation of its lost license fees for Defendants' uses of the 90 images identified to date of $62,685.00. Corbis may seek enhanced statutory damages under both the Copyright Act and the DMCA for reckless disregard and deterrence. 17 U.S.C. §§ 504(c)(2), 1203(c)(3)(B). Corbis will also seek its attorneys' fees and costs under both the Copyright Act and DMCA. 17 U.S.C. §§ 505, 1203(b).

Defendants deny Corbis is entitled to any damages from any defendant. Defendants do not seek to recover damages apart from the costs of suit in this case.

12. <u>Settlement and ADR</u>:

The parties have met and conferred regarding ADR, and have agreed to private mediation. The parties are in the process of selecting the private mediator. The parties are actively meeting and conferring regarding disclosures to facilitate the mediation, and anticipate that all such disclosures can be exchanged informally once the protective order is in place.

13. <u>Consent to Magistrate Judge for All Purposes</u>:

The parties do not consent to have a magistrate judge conduct all further proceedings.

14. <u>Other References</u>:

Not applicable.

15. <u>Narrowing of Issues</u>:

The parties have discussed the possibility of entering into a stipulation regarding undisputed facts relating to the use of Corbis images on Defendants' sites..

16. <u>Expedited Schedule</u>:

In the event of a stipulation regarding undisputed facts, there may be an opportunity to expedite the case.

17. <u>Scheduling</u>:

The parties propose the following schedule:

| | |
|---|---|
| Discovery cut-off: | May 15, 2009 |
| Expert disclosure: | July 17, 2009 |

| | |
|---|---|
| Expert discovery cut-off: | September 18, 2009 |
| Last day to file summary judgment motion: | January 15, 2010 |
| Summary judgment hearing: | February 19, 2010 |
| Pretrial Conference: | May 17, 2010, or three months following the Court's ruling on summary judgment |
| Trial: | July 17, 2010, or two months following the pretrial conference |

18. <u>Trial</u>:

The parties anticipate a two week jury trial.

19. <u>Disclosure of Non-party Interested Entities or Persons</u>:

Each party has filed the required Certification of Interested Entities or Persons. Corbis identified one entity: Corbis Holdings, Inc., which is the parent company of Plaintiff Corbis Corporation. Defendants have identified the following persons or entities which may have an interest in the subject matter or outcome of this proceeding:

1. Plaintiff, Corbis Corporation
2. Defendant, OMG National, Inc.
3. Defendant, National Telephone Message Corp.
4. Defendant, Original Marketing Group, Inc.
5. State Farm Insurance Company.

20. <u>Other matters</u>:

The parties are unaware of any other matters requiring the Court's attention at this time.

Respectfully submitted,

Dated: September 5, 2008

OLIVER, KATTWINKEL & SABEC P.C.

By _____/s/_____
BROOKE OLIVER
Attorneys for Plaintiff

| | |
|---|---|
| Dated: September 5, 2008 | ROPERS, MAJESKI, KOHN & BENTLEY |
| | By _____/s/_____<br>TODD ANDREW ROBERTS<br>Attorneys for Defendants |